Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan and
         Koontz, JJ., and Poff, Senior Justice

FOOD LION, INC.
                                        OPINION BY
v.  Record No. 980828        SENIOR JUSTICE RICHARD H. POFF
                                      February 26, 1999
LINDA COX


                FROM THE CIRCUIT COURT OF SCOTT COUNTY
                       Ford C. Quillen, Judge

     The dispositive issue raised in this appeal is whether a

party in a civil action has a right to cross-examine witnesses

called by another party as adverse witnesses.

     The plaintiff, Linda Cox (Ms. Cox), filed a motion for

judgment against the defendant, Food Lion, Inc. (Food Lion),

alleging that she had been injured by the defendant's failure to

maintain its store in a reasonably safe condition.  At trial,

she testified that she had slipped and fallen on the floor of

the store.  Ms. Cox called four Food Lion workers as adverse

witnesses.  The first, Kenneth Marshall, testified that he saw

the plaintiff fall in a spot on the floor where he had been

trying to remove "a little black substance" with a mop, water,

and detergent.

     At the conclusion of Marshall's direct testimony, Food

Lion's counsel prepared to cross-examine the witness.  The trial

court ruled sua sponte that the defendant was not entitled to

examine its own employees until Food Lion called them as

witnesses for the defense.  Food Lion objected to that ruling

and addressed the same objection as applied to the other three store employees Ms. Cox had called as adverse witnesses. The jury rendered a verdict for the plaintiff, and the trial court entered final judgment fixing her damages at $25,000.

Ms. Cox invokes the general rule that the order of examination of witnesses lies within the discretion of the trial court. But that rule does not apply to the order of cross-examination of adverse witnesses.

This Court has never qualified the rule defined and applied in Basham v. Terry, Administratrix, 199 Va. 817, 824, 102 S.E.2d 285, 290 (1958), that cross-examination of a witness "is not a privilege but an absolute right." The justification for an absolute right is that a rule in the converse would be prejudicial to the party denied the right of cross-examination.

We find no merit in Ms. Cox's contention that any error in the trial court's ruling was "mere harmless error". The right violated by that ruling is absolute; the adjective "absolute" definitively excludes exceptions. Accordingly, we will reverse the judgment entered below and remand the case for a new trial on all the issues.[*]

Reversed and remanded.

---

[*] Because other errors assigned by Food Lion may not become involved in the conduct of a new trial, we need not reach those issues here.